**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

## CASE NO. 20-8387-WM

**UNITED STATES OF AMERICA**

**vs.**

**ISAAC ST VIL and
VERN ALBERT HANSON, Jr.,**

**Defendants.**
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia Valle)?   Yes ___ No  X

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?   Yes ___ No  X

3. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)?   Yes ___ No  X

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

BY:  _____

Susan R. Osborne
Assistant United States Attorney
Court No. A5500797
500 South Australian Ave, Suite 400
West Palm Beach, Florida 33401
TEL (561) 209-1003

AO 91 (Rev. 08/09)  Criminal Complaint

FILED BY _____ KJZ _____ D.C.

**Nov 16, 2020**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

# UNITED STATES DISTRICT CO

for the

Southern District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No. 20-8387-WM |
| ISAAC ST VIL and | ) | |
| VERN ALBERT HANSON, Jr. | ) | |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____see attached affidavit_____ in the county of _____Palm Beach_____ in the

___Southern___ District of _____Florida_____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 21, United States Code, Sections 846 and 841(a)(1) | Conspiracy to possess with intent to distribute fentanyl |
| Title 21, United States Code, Sections 841(a)(1), and Title 18, United States Code, Section 2. | Possession with intent to distribute fentanyl |

This criminal complaint is based on these facts:

See Attached Affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Daniel J. Szczepanski, Special Agent, FBI
*Printed name and title*

Sworn and Attested to me by Applicant by Telephone (FaceTime) per Fed.R.Crim.P. 4(d) and 4.1,this ___16th___ day of November 2020.

Date: ___November 16, 2020___

_____
*Judge's signature*

City and state: _____West Palm Beach, FL_____

William Matthewman, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT

I, Daniel J. Szczepanski, being first duly sworn, hereby depose and state as follows:

1.      I am a Special Agent with the Federal Bureau of Investigation (FBI), and have been so employed since January 2006.  I am currently assigned to PB-2, the Violent Crimes and Major Offender Squad of the Palm Beach County Resident Agency. I have primarily been assigned to investigations dealing with bank robberies, fugitives, violent crimes, and other sophisticated schemes to include narcotics investigations. Based on my experience as a federal law enforcement officer, I have conducted investigations of, and have been instructed in investigative techniques concerning drug trafficking and conspiracies to commit these offenses, in violation of Title 21, United States Code, Sections 841 and 846.

2.      This affidavit is based upon my own personal knowledge of the facts and circumstances surrounding the investigation and information provided to me by other law enforcement officers. This affidavit does not purport to contain all the information known to me about this case but addresses only that information necessary to support a finding of probable cause for the issuance of a criminal complaint charging Isaac ST VIL and Vern Albert HANSON Jr. with conspiracy and substantive possession with intent to distribute fentanyl, in violation of Title 21, United States Code, Sections 846, and 841(a)(1) and (b)(1)(B).

## PROBABLE CAUSE

3.      Through investigation with the Palm Beach County Sheriff's Office (PBSO), the FBI had identified ST VIL as a supplier of controlled substances in Palm Beach County, and was able to identify a cellular telephone number for ST VIL (the Target

1

Telephone).  Over the course of approximately twelve months, undercover officers (UC1 and UC2) contacted ST VIL and purchased fentanyl from him or HANSON, as described below. All telephone conversations with ST VIL mentioned herein are over the Target Telephone.

4.      For example, on September 10, 2019, after several text messages and phone calls, ST VIL met UC1 and sold three loose capsules containing fentanyl[1], in exchange for $40.00 United States currency, in West Palm Beach.  On September 24, 2019, following text messages and phone calls, UC1 met ST VIL, who sold the UC seven capsules of fentanyl in exchange for $100 United States currency. On October 3, 2019, UC1 exchanged several text messages and telephone calls with ST VIL to purchase illegal narcotics.  ST VIL told UC1 to meet with his "cousin," later identified as HANSON, who sold UC1 seven capsules of suspected fentanyl in exchange for $100 of United States currency.

5.      UC1 continued to communicate with ST VIL on the Target Telephone for purchases of narcotics on October 10, 2019 and October 17, 2019.  On those dates, ST VIL instructed the UC to purchase from HANSON.  On October 10, 2019, HANSON sold UC1 seven capsules of fentanyl in exchange for $100 of United States currency. On October 17, 2019, S.C.D. sold seven capsules of fentanyl to UC1 in exchange for $100. During the sale, S.C.D. told the UC that she was acting on behalf of ST VIL and HANSON.

6.      On December 12, 2019, UC1 exchanged several phone calls and text messages with ST VIL to arrange a meeting at a Wendy's restaurant on Palm Beach Lakes Boulevard. While the UC was waiting at Wendy's, ST VIL called and said that he

---

[1] Laboratory results confirmed that all substances purchased in this affidavit were positive for the presence of fentanyl.

had sent his "boy". UC1 subsequently purchased seven loose capsules of suspected fentanyl from HANSON, in exchange for $100.00 of U.S. currency, at the direction of ST VIL.

7.     During the conversation that UC1 had with ST VIL on December 12, 2019, the UC explained to ST VIL that he/she wanted to discuss introducing ST VIL to another narcotics dealer who was distributing lower quality illegal narcotics outside of the State of Florida. ST VIL told UC1 to give the Target Telephone to the other narcotics dealer (actually UC2).

8.     On December 18, 2019, UC2 called ST VIL to set up a meeting to discuss a narcotics transaction, and the two met in West Palm Beach. ST VIL confirmed during the conversation that he sold fentanyl, and gave UC2 a small clear plastic bag containing fentanyl as a sample.  UC2 then negotiated a price for one ounce of fentanyl, which ST VIL had to arrange to have delivered by a co-conspirator. Ultimately, ST VIL sold UC2 approximately 41 grams, or 1.44 ounces of fentanyl for $2,200.

9.     On January 17, 2020 and January 23, 2020, UC1 exchanged a series of text messages and phone calls with ST VIL, which culminated in a meeting on January 23, 2020, at which ST VIL handed UC1 a folded-up piece of paper containing several loose capsules of suspected fentanyl, in exchange for $100 of U.S. currency.

10.     In a phone conversation on February 26, 2020, ST VIL asked UC2 about the amount of illegal narcotics UC2 wanted to purchase.  UC2 advised ST VIL "twice" the previous amount purchased (or 2 ounces).  ST VIL told UC2 he could meet in an hour. During a subsequent phone call, ST VIL instructed UC2 to go to the Wendy's Restaurant at 951 Hank Aaron Drive in West Palm Beach, which is the same location where UC1 had previously purchased fentanyl from ST VIL and HANSON. After arriving at the

Wendy's, UC2 received another call from ST VIL who advised that he would be arriving shortly.  Shortly thereafter, ST VIL arrived and sold UC2 approximately 57.3 grams or 2.02 ounces of fentanyl, in exchange for $4,300 of U.S. currency.

11.    On Thursday, June 25, 2020, UC2 called ST VIL and discussed plans for ST VIL to sell 2.5 ounces of fentanyl for $5,000.  UC2 was directed by ST VIL to drive to the "Adult Ed" Center, located at 2161 N. Military Trail in West Palm Beach. UC2 and ST VIL ultimately met close to that location, where ST VIL motioned for UC2 to enter the car he was driving. Inside the car, UC2 gave ST VIL $5,000 in exchange for approximately 69.8 grams of fentanyl.

Based upon the foregoing, I respectfully submit that there is probable cause to charge Isaac ST VIL and Vern Albert HANSON, Jr. with conspiracy to possess with intent to distribute over 40 grams of fentanyl, in violation of Title 21, United States Code, Sections 846, and 841(a)(1) and (b)(1)(B), and possession with intent to distribute over 40 grams of fentanyl, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B), and Title 18, United States Code, Section 2.

**FURTHER YOUR AFFIANT SAYETH NAUGHT**.

Respectfully submitted,

Daniel J. Szczepanski
Special Agent
Federal Bureau of Investigation

Sworn and Attested to me by Applicant by Telephone (FaceTime) per Fed.R.Crim.P. 4(d) and 4.1 this __16th__ day of November 2020, at West Palm Beach, Florida.

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE

4

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**PENALTY SHEET**

**Defendant's Name: ISAAC ST VIL**

**Case No:** 20-8387-WM

Count #: 1

Conspiracy to possess with intent to distribute 40 grams or more of fentanyl

Title 21, United States Code, Sections 846 and 841(a)(1)

* **Max.Penalty**: 5-40 years of imprisonment, 4 years (up to life) of supervised release, a $5,000,000 fine, and a mandatory $100 special assessment

Count #: 2

Possession with intent to distribute 40 grams or more of fentanyl

Title 21, United States Code, Section 841(a)(1), Title 18, United States Code, Section 2

* **Max.Penalty**: 5-40 years of imprisonment, 4 years (up to life) of supervised release, a $5,000,000 fine, and a mandatory $100 special assessment

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**PENALTY SHEET**

**Defendant's Name: VERN ALBERT HANSON, Jr.**

**Case No**: 20-8387-WM

Count #: 1

Conspiracy to possess with intent to distribute 40 grams or more of fentanyl

Title 21, United States Code, Sections 846 and 841(a)(1)

\* **Max.Penalty**: 5-40 years of imprisonment, 4 years (up to life) of supervised release, a $5,000,000 fine, and a mandatory $100 special assessment

Count #: 2

Possession with intent to distribute 40 grams or more of fentanyl

Title 21, United States Code, Section 841(a)(1), Title 18, United States Code, Section 2

\* **Max.Penalty**: 5-40 years of imprisonment, 4 years (up to life) of supervised release, a $5,000,000 fine, and a mandatory $100 special assessment